IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Litsa R. Bryan,

    Plaintiff,

    v.                                Case No. 2:18-cv-554

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff Litsa R. Bryan brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. In a decision dated June 1, 2017, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of disc disease of the lumbar spine, a bipolar disorder, and an obsessive-compulsive disorder. PAGEID 439. The ALJ found that plaintiff's residual functional capacity ("RFC") would physically permit her to perform light work. The ALJ also concluded that plaintiff could perform simple and moderately complex tasks, could occasionally interact with others in person, and could have unlimited interaction with others on the telephone. PAGEID 442-43. The ALJ decided that plaintiff was capable of performing her past relevant work as a customer service representative, and that there were also other jobs in the national economy which plaintiff could perform. PAGEID 448-49. The ALJ found that plaintiff was not disabled. PAGEID 450.

On May 22, 2019, plaintiff filed objections to the May 8, 25,

2019, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

2

II. Objections

Plaintiff's objections address the ALJ's finding that other mental conditions mentioned in the records, including panic disorder with agoraphobia, mood disorder, psychotic disorder, anxiety, and post-traumatic stress disorder ("PTSD"), did not constitute medically determinable impairments. *See* PAGEID 440. Plaintiff argues that this error resulted in these mental conditions not being considered by the ALJ in formulating plaintiff's RFC. The magistrate judge found that the ALJ reasonably concluded that these alleged mental conditions were not medically determinable impairments. Doc. 14, pp 8-11. The court agrees with the analysis of the magistrate judge.

At step two of the evaluation process, the ALJ must determine whether a claimant's alleged impairments constitute "medically determinable" impairments. 20 C.F.R. §404.1508. A medically determinable impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and not by symptoms alone. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 698 (6th Cir. 2006); 20 C.F.R. §404.1508. A mere diagnosis is insufficient to establish a medically determinable impairment. *See* 20 C.F.R. §404.1508; *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551 (6th Cir. 2014)(disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it).

A "symptom" consists of a claimant's description of the alleged impairment. 20 C.F.R. §404.1528(a). However, the ALJ need

not find credible a claimant's subjective complaints or medical assessments which are not supported by the medical evidence or the record as a whole. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The impairment must have lasted or must be expected to last for a continuous period of at least twelve months. 20 C.F.R. §404.1509; *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)(plaintiff bears the burden of proving the existence of a medically determinable impairment that meets the twelve-month durational requirement). Only evidence from acceptable medical sources can establish a medically determinable impairment. 20 C.F.R. §404.1513(a).

Plaintiff notes that the record includes several references to diagnoses of panic disorder with agoraphobia, mood disorder, psychotic disorder, anxiety, and PTSD. However, as the magistrate judge observed, Doc. 14, p. 9, the mere listing of diagnoses in the past history section of a treatment record does not prove that these diagnoses were "established by medical evidence consisting of signs, symptoms and laboratory findings, not only by [plaintiff's] statement of symptoms." See 20 C.F.R. §404.1058. The magistrate judge noted that many of these records document office visits for the treatment of other ailments and only refer to PTSD and depression as past medical history. Doc. 14, p. 10.

In reporting her findings, the ALJ thoroughly discussed plaintiff's mental health records. She noted that plaintiff was hospitalized in May of 2014, due to reported suicidal ideation and auditory hallucinations, and was diagnosed with bipolar disorder. PAGEID 441, 445. However, plaintiff explained at the hearing that her hallucinations were medication-induced, and that these symptoms

4

resolved with medication changes.  PAGEID 441, 445.  The ALJ also discussed records from September, 2013 through November, 2014, which noted plaintiff's complaints of irritability, anxiety, lack of motivation, and feeling overwhelmed and tired.  PAGEID 441. For example, during a May, 2014, evaluation, plaintiff reported symptoms of depression, anxiety, mood swings, aggressiveness and agitation.  However, during an appointment in June of 2014, plaintiff had a normal mood, affect, speech, behavior, judgment, thought content, cognition and memory, was described as pleasant and cooperative, and denied suicidal and homicidal ideation. PAGEID 441, 445.  The ALJ noted that in November, 2014, plaintiff reported that she had no manic symptoms, her anxiety was controlled, and her energy was fair; her examination at this appointment was normal.  PAGEID 441-442.  The diagnosis given was bipolar disorder and obsessive-compulsive disorder ("OCD"), which the ALJ found to be severe impairments in this case.  PAGEID 445.

From January, 2015, through April, 2015, plaintiff complained of irritability, anxiety, sleep disturbance, and OCD tendencies, but she denied hallucinations, delusions, and manic symptoms.  Her mental status exams were normal except for plaintiff's reports of irritable and depressed mood and restricted affect.  PAGEID 442, 445.  The ALJ noted that in April, 2015, plaintiff reported that her medications were not working and complained that she suffered from extreme anxiety and agoraphobia; however, that the progress notes did not contain any significant mental status exam findings. PAGEID 445.  The records fail to establish that panic disorder with agoraphobia, mood disorder, psychotic disorder, anxiety, and PTSD are medically determinable impairments in this case.

Plaintiff relies on the records of Timothy Ickes, a physician's assistant who counseled plaintiff at Family Behavioral Health Services from July, 2016, through January, 2017. However, a physician's assistant is not an "acceptable medical source." 20 C.F.R. §404.1513(a); *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 386 (6th Cir. 2013). The ALJ correctly concluded, PAGEID 440, that mental diagnoses offered by persons who were not acceptable medical sources were not sufficient to establish those mental conditions as medically determinable impairments. 20 C.F.R. §404.1513(a).

The magistrate judge observed that even if the records of Mr. Ickes are considered, they fail to support a finding that the additional mental conditions relied on by plaintiff were medically determinable impairments. Doc. 14, p. 11. Both the magistrate judge and the ALJ noted Mr. Ickes's records from July, 2016, through January, 2017, which reported that plaintiff was fully alert, easily engaged, had a full and congruent affect with normal attention and concentration, had intact memory, insight and judgment, appeared neither depressed nor anxious, had a calm and pleasant demeanor with good eye contact, and laughed easily and appropriately. Doc. 14, p. 11; PAGEID 442, 445.

The reports of the state agency consultants, Paul Tangeman, Ph.D. and Bruce Goldsmith, Ph.D., offer no support for plaintiff's argument that her alleged panic disorder with agoraphobia, mood disorder, psychotic disorder, anxiety, and PTSD were medically determinable impairments. The state agency psychologists did not personally examine plaintiff or offer any independent diagnoses. Rather, they considered plaintiff's claim that she was disabled due

6

to depression, reviewed plaintiff's records, and provided their assessments of plaintiff's mental residual functional capacity based on those records. Based on their reports, the state agency concluded that plaintiff was not disabled. PAGEID 505, 520.

Because the ALJ correctly concluded that plaintiff's alleged panic disorder with agoraphobia, a mood disorder, a psychotic disorder, anxiety, and PTSD were not medically determinable impairments, she was not required to consider them in formulating plaintiff's RFC. *Jones v. Comm'r of Soc. Sec.*, No. 3:15-CV-00428, 2017 WL 540923 at \*6 (S.D. Ohio Feb. 10, 2017). Further, not every diagnosable condition is disabling. *Lee v. Comm'r of Soc. Sec.*, 529 F.App'x 706, 713 (6th Cir. 2013). Rather, disability is determined by the functional limitations imposed by a condition. *Hill*, 560 F.App'x at 551. The records in this case are insufficient to establish that plaintiff was suffering from any functional limitations resulting from these alleged mental conditions.

In formulating plaintiff's RFC, the ALJ considered evidence of plaintiff's daily activities, which included a report in April, 2015, that she was in a new relationship with someone she met online, that she has care of her children at times, that she can attend her children's sports activities, and that she takes drives to relax. PAGEID 447. The ALJ also considered plaintiff's mental health records, and concluded that plaintiff had severe impairments consisting of a bipolar disorder and an obsessive-compulsive disorder. PAGEID 439. The ALJ found that plaintiff had mild limitations in understanding, remembering, or applying information, and moderate limitations in interacting with others and in

7

concentrating, persisting, or maintaining pace, which the ALJ accommodated in the RFC by limiting plaintiff to simple and moderately complex tasks and occasional interaction with others. PAGEID 443.

The ALJ gave partial weight to the opinions of the state agency consultants. PAGEID 446. In his report of January 13, 2015, Dr. Tangeman concluded, based on the records before him, that plaintiff was moderately limited in her ability to maintain attention and concentration for extended period, to interact appropriately with the general public, and to respond appropriately to changes in the work setting. However, he further noted that plaintiff was capable of flexible time and production demands, occasional and superficial social exchanges, and static work with infrequent changes, that she was able to engage and cooperate, and that her depression and OCD were improved with medication and her current treatment plan. PAGEID 502-503.

Dr. Goldsmith reached similar conclusions in his report of May 4, 2015. Dr. Goldsmith also found plaintiff's allegations to be only partially credible, noting that although she claimed that she cannot pay attention often and does not tolerate stress and change well, the mental exam findings showed that her attention/concentration and memory were intact, that she was mostly cooperative during evaluations, and that her anxiety and depression symptoms had improved with her current medication and treatment regime. PAGEID 514, 516-518.

The ALJ reasonably concluded that plaintiff was less limited than the state agency consultants opined in light of the 2016 medical records of Mr. Ickes, which noted that plaintiff was no

longer over-medicated, that she was fully alert and easily engaged, with a full and congruent affect, normal attention and concentration, good eye contact, and a calm and pleasant demeanor, that she appeared neither depressed nor anxious, and that her memory, insight and judgment were intact. The state agency consultants did not have these records before them during their 2015 reviews.

For the foregoing reasons, the court concludes that the ALJ's decision that plaintiff's alleged panic disorder with agoraphobia, mood disorder, psychotic disorder, anxiety, and PTSD were not medically determinable impairments was correct, and plaintiff's objections are not well taken.

III. Conclusion

The court concludes that the ALJ's finding of nondisability is supported by substantial evidence. The plaintiff's objections (Doc. 15) are denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 14). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment affirming the decision of the Commissioner.

It is so ordered.

Date: July 8, 2019            s/James L. Graham
                              James L. Graham
                              United States District Judge